IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOU 1778 HAWAIIANS; CHIEF MAUI LOA, | ) ) ) | CIVIL NO. 15-00320 SOM/BMK |
| Plaintiffs, | ) ) ) | ORDER GRANTING MOTION TO DISMISS; ORDER DENYING AS MOOT MOTION SEEKING TO SEVER LANGUAGE FROM THE ADMISSION ACT |
| VS. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION TO DISMISS**

**I.      INTRODUCTION.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Amended Complaint, filed on October 19, 2015, is neither short nor plain.  The court has attempted to discern what claim is being asserted.  The Amended Complaint says that it is asserting a single claim for a negligent breach of trust duties under the Federal Indian Trust.  It alleges that Defendant the United States Department of Justice breached those trust duties by allowing benefits under the Indian Self-Determination and Education Assistance Act of 1975 to lapse.  The Department of Justice moves to dismiss the Amended Complaint, challenging this court's subject matter jurisdiction and also arguing that the Amended Complaint fails to state a claim upon which relief can be granted.  The court grants the motion based on lack of

jurisdiction. Accordingly, the court denies as moot Plaintiffs' Motion Asking Court to Order Specific Unconstitutional Language in Hawaii Admission Act be Severed. The court decides the motions without a hearing pursuant to Local Rule 7.2(d).

**II.     BACKGROUND.**

The Hou 1778 Hawaiians are a group of native Hawaiians who claim 50% or more native Hawaiian ancestry. See Hou Hawaiians v. Cayetano, 996 F. Supp. 989, 992 (D. Haw. 1998). Chief Maui Loa, also known as Dr. Nui Loa Price, claims to be the "hereditary, traditional government-style chief" of the Hou 1778 Hawaiians. ECF No. 34, PageID # 176. As chief, Maui Loa claims title to all of the property that was allegedly taken from the Hou 1778 Hawaiians by the United States. See id.

The Amended Complaint alleges a solitary negligent breach of trust claim. The Amended Complaint states,

> With respect to specific Indian land use of the Hou and/or its Chief, the action alleges negligence of specific responsibilities and duties of defendant, US DoJ, as settlor of the Federal Indian Trust ("the trust"), for all Indians who are beneficiaries of the trust, through being born as Indians in the states of the United States. Including states not in "the lower forty eight" and not "continental" states, meaning the 49th and 50th states, Alaska and Hawaii, where Indians are born.

See ECF No. 27, PageID # 106.

The Amended Complaint alleges that "[t]here are many streams of the trust," noting that this "action is not intended

2

to involve itself with any other stream of the trust." Id., PageID # 107. According to the Amended Complaint, the "stream" at issue here "originates in the *Indian Self Determination Act* and flows directly to the Hou." Id., PageID # 108. The Amended Complaint alleges:

> The trust was directed . . . to flow directly to the Hou using the *Indian Self Determination Act* ("Indian 638 grants"). The Hou used the trust funds according to the statute. The DoJ did not protect this use against being used as an excuse for takings.

Id.

Plaintiffs have previously instituted numerous actions in federal court, all unsuccessful. See, e.g., Hou Hawaiians v. Cayetano, 183 F.3d 945 (9th Cir. 1999); Price v. Akaka, 3 F.3d 1220 (9th Cir. 1993); Price v. State of Hawaii, 939 F.2d 702 (9th Cir. 1991); Price v. State of Hawaii, 921 F.2d 950 (9th Cir. 1990); and Price v. State of Hawaii, 764 F.2d 623 (9th Cir. 1985).

**III.     STANDARD.**

**A.     Rule 12(b)(1).**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual

attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

If the moving party makes a facial challenge, the court's inquiry is "confin[ed] . . . to allegations in the complaint." Savage, 343 F.3d at 1040.  Those allegations are taken by the court as true. Courthouse News Serv. v. Planet, 750 F.3d 776, 780 (9th Cir. 2014).  On the other hand, if the moving party makes a factual challenge, the court may consider evidence beyond the complaint and "need not presume the truthfulness of the plaintiff's allegations." Id.  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)) (internal quotation marks omitted).

### B.   Rule 12(b)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the

4

pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Courts may "consider certain materials–-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–-without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss,

factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**IV.    ANALYSIS.**

    **A.    Maui Loa May Not Represent the Hou 1778 Hawaiians.**

The Department of Justice argues that Maui Loa, a nonlawyer proceeding pro se, cannot represent anyone but himself. Thus, the Department of Justice says, Maui Loa may not represent

what he says is his tribe, the Hou 1778 Hawaiians (the "Hou"). See ECF No. 31, PageID # 134.

In all courts of the United States, "parties may plead and conduct their own cases personally or by counsel." See 28 U.S.C. § 1654. However, the right to proceed pro se in civil cases is a personal right. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." (citation omitted)). Maui Loa, as a pro se plaintiff, cannot represent the Hou in this action. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). This court considers only claims relating to injuries personal to Maui Loa.

**B.   The Court Dismisses the Amended Complaint.**

The United States is immune from suit unless it consents to waive sovereign immunity. Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Sherwood, 312 U.S. 584, 586 (1941); Tobar v. United States, 639 F.3d 1191, 1195 (9th Cir. 2011). The doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting within their official capacities. See Hodge v. Dalton, 107 F.3d 705, 707 (9th

7

Cir. 1997). The Department of Justice, as an agency of the United States, is protected from private lawsuits unless sovereign immunity has been waived. See Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003) ("[T]he district court properly construed the [plaintiffs'] action against 'The Department of Justice, Office of United States Trustee' as one against the United States. As such, the doctrine of sovereign immunity would apply unless waived by the United States.").

Any waiver of sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Lane v. Pena, 518 U.S. 187, 192 (1996); Tobar, 639 F.3d at 1195. Morever, "statutes waiving the sovereign immunity of the United States must be 'construed strictly in favor of the sovereign.'" Gasho v. United States, 39 F.3d 1420, 1433 (9th Cir. 1994). The party asserting federal subject matter jurisdiction bears the burden of demonstrating "the source of the substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216–17 (1983) (citation and internal quotations omitted). Absent a waiver of sovereign immunity, dismissal is required for lack of subject matter jurisdiction over a claim against the United States. Tobar, 639 F.3d at 1195; Orff v. United States, 358 F.3d 1137, 1142 (9th

Cir. 2004); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

It is Maui Loa's burden to establish a waiver of sovereign immunity with respect to his claim. See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Maui Loa does not meet this burden. He does not clearly articulate the basis or bases for any claimed waiver of sovereign immunity in any document filed with this court. At most, the Amended Complaint attaches a memorandum that mentions a waiver of sovereign immunity under the Tucker Act, the Indian Tucker Act, and the Little Tucker Act. See ECF No. 27-1, PageID #s 113-14. The court examines each of these acts.

The "Big Tucker Act," codified as 28 U.S.C. § 1491, confers jurisdiction on the Court of Federal Claims over certain actions brought against the United States, waiving the Government's sovereign immunity for those actions. See, e.g., U.S. v. Mitchell, 463 U.S. 206, 212–18 (1983). Unless another statute independently confers jurisdiction on another court, jurisdiction over Tucker Act claims rests exclusively in the Court of Federal Claims. McGuire v. United States, 550 F.3d 903, 911 (9th Cir. 2008).

The "Indian Tucker Act," codified as 28 U.S.C. § 1505,

9

provides:

> The United States Court of Federal Claims shall have jurisdiction of any claim against the United States accruing after August 13, 1946, in favor of any tribe . . . whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band, or group.

28 U.S.C. § 1505. The Indian Tucker Act is the counterpart to the Tucker Act "for Indian claims." Skokomish Indian Tribe v. United States, 410 F.3d 506, 511 (9th Cir. 2005). As with the Tucker Act, jurisdiction for claims arising under the Indian Tucker Act rests exclusively in the Court of Federal Claims. See id. (transferring Indian Tucker Act claims on appeal to Court of Federal Claims because Ninth Circuit lacked subject matter jurisdiction over them).

The "Little Tucker Act," codified as 28 U.S.C. § 1346, provides a waiver of sovereign immunity with respect to claims against the Government that are under $10,000:

> The district courts shall have original jurisdiction . . . of . . . any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.

28. U.S.C. § 1346 a(2) (emphasis added). To qualify for a Little Tucker Act waiver, a plaintiff's claim "must be for money damages

against the United States," and a plaintiff must show that the "source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Matsuo v. United States, 416 F. Supp. 2d 982 (D. Haw. 2006).  To determine whether this court has jurisdiction over Maui Loa's claims under the Little Tucker Act, the court must first determine what claims are being asserted. The Amended Complaint grounds its sole claim in the Federal Indian Trust, which the Supreme Court has characterized as the "obligation" that is

> incumbent upon the Government in its dealings with these dependent and sometimes exploited people.  In carrying out its treaty obligations with the Indian tribes the Government is something more than a mere contracting party.  Under a humane and self imposed policy which has found expression in many acts of Congress and numerous decisions of this Court, it has charged itself with moral obligations of the highest responsibility and trust.  Its conduct, as disclosed in the acts of those who represent it in dealings with the Indians, should therefore be judged by the most exacting fiduciary standards.

Seminole Nation v. United States, 316 U.S. 286, 296-97 (1942) (citations omitted).

The Amended Complaint alleges that the Department of Justice breached this Federal Indian Trust with respect to its actions under the Indian Self-Determination and Education Assistance Act of 1975, Public Law 93-638.  Maui Loa says that

11

the Hou used to receive "Indian 638 grants" under the Indian Self-Determination and Education Assistance Act of 1975 and alleges that the Department of Justice allowed those grants to lapse, thereby breaching the United States' moral obligation to the Hou.  See ECF No. 27, PageID # 108.  Maui Loa's claim therefore appears to exceed the $10,000 limit in the Little Tucker Act.  But even if the claim does not exceed the jurisdictional limit, it is not viable.

The 1975 Indian Self-Determination and Education Assistance Act, Public Law 93-638, authorizes Indian Tribes to contract with the federal government to provide services.  See Snyder v. Navajo Nation, 382 F.3d 892, 896 (9th Cir. 2004).  The act was designed to reduce federal domination of Indian services. Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1033 (9th Cir. 2013).  To that end, tribes may take over the administration of programs offered by the Bureau of Indian Affairs by submitting a contract proposal to operate a program as a contractor, receiving the money that the bureau would have otherwise spent on the program.  If approved by the Secretary of the Interior, these contracts are known as "638 contracts."  Id.

The Hou could not have received an "Indian 638 grant," or a "638 contract" as Maui Loa calls it, because no indigenous groups from the State of Hawaii have been recognized as either a "tribal organization" or "Indian tribe."  See Kahawaiolaa v.

Norton, 386 F.3d 1271, 1274 (9th Cir. 2004); see also Price v. Hawaii, 764 F.2d 623, 626-28 (9th Cir. 1985) (holding that the Hou are not a federally recognized tribe that has government-to-government relations with the United States).

Under the Federally Recognized Indian Tribe List Act of 1994, "the Secretary of the Interior is charged with the responsibility of keeping a list of all federally recognized tribes." Federally Recognized Indian Tribe List Act of 1994, Pub.L. No. 103-454, § 103(6), 108 Stat 4791. Section 479a-1 of the List Act requires the Secretary to "publish in the Federal Register a list of all Indian tribes which the Secretary recognizes to be eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 25 U.S.C. § 479a-1 (emphasis added). This court takes judicial notice of the absence of the Hou from any list of tribal entities recognized by the Secretary in the Federal Register. See Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs, 80 Fed. Reg. 1942 (Jan. 14, 2015); see also 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number."); Friends of Amador Cty. v. Salazar, 554 F. App'x 562, 565 (9th Cir. 2014) ("But the court cannot simply turn a blind eye to the Tribe's status as a federally recognized

tribe in the Federal Register." (citing 44 U.S.C. § 1507)); Crimm v. Mo. Pac. R. Co., 750 F.2d 703, 710 (8th Cir. 1984) ("[a] district court may take judicial notice of the Federal Register and the Code of Federal Regulations").

Although Maui Loa alleges that the Hou used to receive "Indian 638 grants," this court need not accept that allegation as true because publicly published information establishes that the Hou were never recognized as an Indian Tribe eligible for such grants. See Sprewell, 266 F.3d at 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Nor is it clear that Maui Loa has a personal injury, separate and apart of any alleged injury to the Hou, concerning any grant. Even if Maui Loa can be said to be seeking less than $10,000 from the Department of Justice such that this court might potentially have jurisdiction under the Little Tucker Act, the Amended Complaint does not assert a plausible, viable claim. Accordingly, it is dismissed.

**V.      CONCLUSION.**

The court dismisses the Amended Complaint. The court allows Maui Loa to file a motion seeking leave to file a proposed Second Amended Complaint no later than February 29, 2016. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is

proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotation marks and citation omitted).  Any proposed Second Amended Complaint must be attached to any motion seeking leave to file it.  If Maui Loa fails to timely file a motion for leave to file a Second Amended Complaint, this action will be automatically terminated.

The court provides Maui Loa with some guidance with respect to any motion seeking leave to file a Second Amended Complaint.

First, any proposed Second Amended Complaint must be complete in itself; it may not simply incorporate by reference anything previously filed with this court or any other court.

Second, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  With respect to each claim, Maui Loa should describe what the Department of Justice allegedly did in separate, numbered paragraphs, including sufficient facts and references to legal claims to put the Department of Justice on notice of why it is being sued.  Complaints are the road map to a plaintiff's claim.  Accordingly, any proposed Second Amended Complaint should clearly and concisely articulate the claim being asserted and the basis or bases of this court's jurisdiction, and should be supported by sufficient factual detail to make the claim

plausible.

Third, Maui Loa may not represent anyone other than himself. This means that Maui Loa may not file claims belonging to the Hou and claim that an attorney will later make an appearance on the Hou's behalf. If the Hou's claims are to be before this court, the Hou's claims must be presented by an attorney in the first instance.

Because the court is dismissing the Amended Complaint, the court denies Plaintiffs' motion seeking to sever language from the Admission Act as moot. The court notes, in any event, that this motion was unrelated to the sole claim asserted in the Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2016.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Hou 1778 Hawaiians, et al. v. United States Department of Justice, Civ. No. 15-00320 SOM/BMK; ORDER GRANTING MOTION TO DISMISS; ORDER DENYING AS MOOT MOTION SEEKING TO SEVER LANGUAGE FROM THE ADMISSION ACT